[Cite as *State v. Toma*, 2014-Ohio-2256.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 CO 19 |
| V. | ) | |
| | ) | OPINION |
| MICHAEL P. TOMA, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:   Criminal Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 10CR129

JUDGMENT:   Affirmed

APPEARANCES:
For Plaintiff-Appellee

Robert Herron
Prosecutor
Timothy J. McNicol
Assistant Prosecutor
105 S. Mark St.
Lisbon, Ohio 44432

For Defendant-Appellant

Attorney J. Michael Thompson
42 N. Phelps St.
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: May 20, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Michael Toma, appeals from a Columbiana County Common Pleas Court judgment sentencing him to four years in prison following his guilty plea to one count of unlawful sexual conduct with a minor.

{¶2} On May 27, 2010, a Columbiana County Grand Jury indicted appellant on one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(2); one count of unlawful sexual conduct with a minor, a third-degree felony in violation of R.C. 2907.04(A); and one count of sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(2). Appellant initially entered a not guilty plea to the charges.

{¶3} On November 21, 2011, pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant withdrew his not guilty plea and pleaded guilty to the charge of unlawful sexual conduct with a minor. In exchange, the state agreed to move to dismiss the other two charges at the time of sentencing.

{¶4} The trial court subsequently held a sentencing hearing. The court sentenced appellant to four years in prison. It also classified appellant as a Tier II Sexual Offender.

{¶5} The trial court entered its judgment on January 25, 2012. Appellant filed a pro se notice of appeal over a year later on April 19, 2013. That same day he filed a motion for leave to file his delayed appeal. This court granted appellant's motion for delayed appeal and appointed him counsel.

{¶6} Appellant now raises a single assignment of error that states:

THE TRIAL COURT ERRED BECAUSE IT DID NOT FOLLOW THE REQUISITE STATUTORY PROCEDURE BEFORE IT IMPOSED SENTENCE, AS THE COURT FAILED TO CONSIDER THE SERIOUSNESS OR RECIDIVISM FACTORS UNDER 2929.12.

{¶7} Appellant argues there is no indication in the record that the trial considered any of the applicable sentencing statutes. Appellant cites to *State v. Kerns*, 161 Ohio App.3d 76, 2005-Ohio-2578 (4th Dist.), for support. In *Kerns*, the Fourth District reversed the trial court's sentence after finding the trial court did not

adequately consider the R.C. 2929.12 factors.  Specifically, the court found:

> Although the sentencing entry in this case makes an oblique reference to the effect that the trial court considered those factors set out in R.C. 2929.12, it contains no discussion of those factors or explanation why the trial court decided to sentence appellant to a term of imprisonment one year below the maximum allowable sentence. Moreover, appellant correctly points out that nothing in the transcript indicates that the trial court considered the factors during the sentencing hearing.

*Id.* at ¶19.  Appellant argues here that the same reasoning applies to his case.

**{¶8}**  Our review of felony sentences is a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26.  First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law."  *Id.* (O'Conner, J., plurality opinion).  In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12.  *Id.* at ¶¶13-14 (O'Conner, J., plurality opinion).  If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion.  *Id.* at ¶17 (O'Conner, J., plurality opinion).  Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12.  *Id.* at ¶17 (O'Connor, J., plurality opinion).

**{¶9}**  The possible sentences for a violation of the third-degree felony of unlawful sexual conduct with a minor in violation of R.C. 2907.04 are twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months. In this case, the trial court sentenced appellant to forty-eight months, which is within the statutory range.

**{¶10}**  In sentencing a felony offender, the court must consider the overriding principles and purposes set out in R.C. 2929.11, which are to protect the public from future crime by the offender and others and to punish the offender.  The trial court

shall also consider various seriousness and recidivism factors as set out in R.C. 2929.12.

{¶11} Specifically, the court must consider these factors that indicate the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6) The offender's relationship with the victim facilitated the offense.

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or

the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

R.C. 2929.12(B).

**{¶12}** The court must also consider these factors that indicate the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

R.C. 2929.12(C).

**{¶13}** Next, the court is to consider these factors, which indicate the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the

offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

R.C. 2929.12(D).

{¶14} Finally, the court is to consider these factors, which indicate the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

R.C. 2929.12(E).

{¶15} The trial court's judgment entry states, in what appears to be boiler-plate language, that it "considered the record, the oral statements of the Defendant, the victim impact statement, if any, and the pre-sentence investigation prepared in this case, as well as all the principles and purposes of sentencing provided for under O.R.C. §2929.11, including the seriousness and recidivism factors found in O.R.C. §2929.12." Thus, the judgment entry indicates that the court considered all of the statutorily-required factors.

{¶16} We must next review the sentencing hearing transcript. During the exchange between the court and appellant, the court's comments suggest that it considered some of the factors but the court does not refer specifically to the factors:

MR. TOMA: Ah, yeah, the first thing I would actually like to do is turn around and apologize to the family about what happened. And I know what I did was wrong and I would never make that mistake again. And I am really, really sorry.

And it should have been my responsibility to ask for her age or an ID or something. And I am really, really sorry for what had happened and everybody's going through and what I put my mother through. So I would like for forgiveness if that is possible. And I am sorry to her for what I did so.

THE COURT: Well, I appreciate that. I could hear what you said. In the pre-sentence investigation you told the person who interviewed you that you did not have sex or even touch this little girl.

Now, the truth of it is you did, right?

MR. TOMA: No, I'm just saying what I did was wrong by picking her up. I should have never got her in - -

THE COURT: You're not admitting to anything beyond that?

MR. TOMA: No, no, sir.

THE COURT: But you came into court at a prior time and you entered a plea of guilty.

MR. TOMA: Right, yes, sir.

* * *

THE COURT: But you're still telling me, as you told Mr. Miller when he conducted the investigation for the pre-sentence investigation, you're still telling me that you did not have sex or even touch this little girl; is that right?

MR. TOMA: Correct.

THE COURT: But you're still saying to me that you're - - but you still are maintaining or telling me that you're guilty; right?

MR. TOMA: Yes, sir.

* * *

THE COURT: Michael, the Court's job is to protect the public and punish offenders - -

MR. TOMA: Right.

THE COURT: - - and make a fair sentence. Do you understand all that?

MR. TOMA: Yes, sir.

THE COURT: This is a very serious offense. On one hand you say, I'm guilty; on the other hand you tell the Chief Probation Officer, "I didn't do anything. I made a mistake of picking her up but outside of that I didn't do anything else." So you put yourself in a difficult position. But the truth of it is on the guilty plea the Court has an obligation to make some kind of a decision here.

(Sen. Tr. 28-32). The court later commented: "There is no doubt in my mind that this little girl will probably be scared [sic.] for life as a result of what you did in a psychological way. Probably something that can ever [sic.] be undone regardless of what we do here." (Sen. Tr. 35).

{¶17} In sentencing appellant, the court clearly stated that its job was to protect the public and punish offenders. (Sen. Tr. 32). In making this statement to appellant, the court indicated that it considered the purposes and principles of sentencing in compliance with R.C. 2929.11.

{¶18} And while the court did not mention R.C. 2929.12 by name or specifically state at sentencing that it considered the seriousness and recidivism factors, its statements to appellant indicate that it found several of the factors applied in this case.

{¶19} First, the court repeatedly referred to the victim as a "little girl" and

stated that because of what appellant did, the victim would likely be psychologically scarred for life. (Sen. Tr. 29, 30, 35). Thus, the court was taking into consideration the age of the victim and how the mental injury she suffered was exacerbated in accordance with R.C. 2929.12(B)(1). The court's comment that the victim would probably be scarred for life regardless of what the court did also indicates that the court considered that the victim suffered serious psychological harm as a result of the offense in accordance with R.C. 2929.12(B)(2). And the court told appellant that this was a "very serious offense." (Sen. Tr. 32). Therefore, the court's comments reveal that it found two of the factors that indicated appellant's conduct was more serious than that normally constituting the offense.

{¶20} Second, the court spent some time going back and forth with appellant regarding his remorse for the offense. Appellant apologized in court. However, upon questioning by the court, appellant repeatedly denied committing the offense. The court questioned appellant about pleading guilty and then denying that he committed the offense. This exchange between the court and appellant shows that the court considered appellant's statement of apology to be an empty statement because he refused to accept responsibility for his crime. Thus, these statements by the court demonstrate it considered that appellant showed no genuine remorse and was therefore more likely to re-offend in accordance with R.C. 2929.12(D)(5).

{¶21} The trial court's comments at the sentencing hearing distinguish this case from *Kerns*, 161 Ohio App.3d 76, on which appellant relies. The *Kerns* Court found there was no indication in the transcript and no inference that the trial court considered the R.C. 2929.12(B) and (C) factors. *Id.* at ¶21. It found the court's only comments were made in the context of whether to impose a maximum prison term. *Id.* But in this case the court discussed several of the statutory factors in addressing appellant, it simply did not mention the factors by name. The court's discussion of several of the statutory factors at the sentencing hearing coupled with its statement in its judgment entry that it considered all of the statutory factors, gives rise to the inference that it considered all of R.C. 2929.12's seriousness and recidivism factors.

**{¶22}** In reviewing consecutive sentences, this court recently reiterated that the sentencing court is not required to recite any "magic" or talismanic" words, as long as the record is clear that the court engaged in the appropriate statutory analysis. *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶40. We then noted that the record can either contain the "magic" words or it can contain words which reflect that a finding was actually made. *Id.* at ¶41.

**{¶23}** In this case, the trial court's judgment entry of sentence contains the "magic" words that the court considered R.C. 2929.11 and R.C. 2929.12. And the sentencing transcript contains the court's words, which reflect that it considered the R.C. 2929.11 principles and purposes and the R.C. 2929.12 factors in sentencing appellant, thus bolstering the court's statement in its judgment entry that it considered the applicable statutes. While the better practice would be for the trial court to also state at the sentencing hearing that it considered the R.C. 2929.12 factors, the facts in this case demonstrate that the court did consider the statutory factors. Therefore, appellant's sentence is not contrary to law and it does not constitute an abuse of discretion.

**{¶24}** Accordingly, appellant's sole assignment of error is without merit.

**{¶25}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, J., concurs.